**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**JIAN ZHONG YANG, aka Mr. Kim,**
**Defendant–Appellant.**

No. 07–10503.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

Eric S. O'Malley, Esquire, Assistant U.S., U.S. Attorney Office, Saipan, MP, for Plaintiff–Appellee.

Timothy H. Bellas, Esquire, Timothy H. Bellas, Esquire, Saipan, MP, for Defendant–Appellant.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**542**

MEMORANDUM **

Jian Zhong Yang appeals from the 60–month sentence imposed following his guilty-plea conviction for conspiracy with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Yang contends that the district court erred by applying a role enhancement pursuant to U.S.S.G. § 3B1.1(c). We conclude that the district court did not clearly err in applying the two-level enhancement. *See United States v. Maldonado,* 215 F.3d 1046, 1050–51 (9th Cir.2000).

Yang also contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to sufficiently resolve disputed issues at sentencing. We conclude that the district court's statements were sufficient to demonstrate that it resolved all controverted matters. *See United States v. Karterman,* 60 F.3d 576, 583 (9th Cir.1995).

Finally, Yang contends that the government breached the plea agreement by failing to remain neutral regarding imposition of safety valve relief. This contention is belied by a plain reading of the plea agreement, which imposes no such obligation on the government.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

